UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GIDDENS, | No. 2:19-cv-00019-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| SOLANO COUNTY, et al., | |
| Defendants. | |

On January 3, 2019, plaintiff initiated this action by filing a complaint and a motion for temporary restraining order ("TRO"). ECF Nos. 1 & 2. His complaint alleges, among other things, that defendants maliciously initiated criminal proceedings against him stemming from an altercation at the Solano County Recorder's Office, and have destroyed or concealed evidence related to those proceedings. ECF No. 1 at 3–7, 10, 12–14.[1]  His accompanying motion for TRO asks the court to enjoin those criminal proceedings. ECF No. 2-2 at 7. For the reasons explained below, the request for a TRO is DENIED.

I. LEGAL STANDARD

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard

---

[1] ECF page cites refer to ECF pagination only, not internal document pagination.

1

in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). In determining whether to issue a temporary restraining order, a court applies the factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party "is likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in [its] favor, and . . . an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analysis for temporary restraining orders and preliminary injunctions "substantially identical").

II. DISCUSSION

Here, plaintiff's motion must be denied for failing to show a likelihood of success on the merits.

Longstanding principles of federalism "recognize[] that federal interference with a State's good-faith administration of its criminal laws is peculiarly inconsistent with our federal framework." *Dombrowski v. Pfister*, 380 U.S. 479, 484 (1965). Indeed, it is "assumed that state courts and prosecutors will observe constitutional limitations . . . and that the mere possibility of erroneous initial application of constitutional standards will usually not amount to the irreparable injury necessary to justify a disruption of orderly state proceedings." *Id.* Therefore, unless rare exceptions apply, "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Younger v. Harris*, 401 U.S. 37, 45 (1971). The court will depart from this demand only "where the danger of irreparable loss is both great and immediate." *Id.*

Here, plaintiff fails to show a likelihood of success on the merits because his requested relief implicates the *Younger* abstention doctrine. Plaintiff asks the court to "issue an immediate temporary restraining order . . . that enjoins Defendants . . . from prosecution of Plaintiff in bad faith." ECF No. 2-2 at 7. This is the exact action *Younger* abstention is designed to avoid.

No exception saves plaintiff from application of the abstention doctrine. Plaintiff presents no evidence to suggest there is a danger of harm so great and immediate this court should take the "extraordinary" measure of halting a state's criminal proceedings. *Younger*, 401 U.S. at 45. Plaintiff has provided no proof of an impending trial or sentencing date, or alleged that a conviction in his criminal matter is all but guaranteed. As far as the court can tell, the underlying criminal case remains ongoing. The ordinary progression of a criminal matter in state court does not give rise to the type of harm supporting an exception from *Younger* abstention. *See, e.g.*, *Williamson v. Oregon*, No. 3:14-CV-00591-PK, 2014 WL 2803017, at *1 (D. Or. June 19, 2014) (denying motion for TRO where plaintiff sought "relief from certain alleged improprieties in a criminal prosecution pending against him"); *see also Spengler v. McDonnell*, No. CV 17-884-DOC (SP), 2017 WL 1371288, at *3 (C.D. Cal. Feb. 10, 2017) ("[T]he only harm [petitioner] in fact faces is the normal harm any criminal defendant faces if a court rules against him and he is convicted. Such harm may be addressed through the normal process: an appeal.").

This court's abstention means plaintiff cannot demonstrate a likelihood of success on the merits. Thus, the other TRO factors need not be considered. *See Developmental Servs. Network v. Douglas*, 666 F.3d 540, 544 (9th Cir. 2011) ("[I]f a plaintiff fails to show that he has some chance on the merits, that ends the matter.").

The court notes that plaintiff also asks for an injunction preventing defendants from "destruction of the video files" related to his criminal case. ECF No. 2-2 at 7. But constitutional mandates are already in place to protect plaintiff's rights regarding the production and preservation of evidence. *See Brady v. Maryland*, 373 U.S. 83 (1963). Because these protections flow from the Fourteenth Amendment's Due Process guarantees, *see id.* at 86–87, they apply to both federal and state criminal matters alike, meaning plaintiff may rely on the protections in his current criminal proceedings, or if necessary in seeking post-trial relief.

///

///

///

III.     CONCLUSION

The motion for temporary restraining order is DENIED.  This action is referred to the assigned magistrate for further proceedings consistent with Local Rule 302(c)(21).

IT IS SO ORDERED.

DATED: January 8, 2019.

_____
UNITED STATES DISTRICT JUDGE

4