UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GIDDENS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SOLANO COUNTY, et al.,<br><br>　　　　　Defendants. | No. 2:19-cv-0019-KJM-EFB PS<br><br><br>ORDER |

This case is before the court on defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) (ECF No. 10), defendants' motion to quash a subpoena and for a protective order (ECF No. 15); and plaintiff's motion for leave to file a first amended complaint (ECF No. 23).[1]  For the following reasons, plaintiff's motion for leave to amend is granted, defendants' motion to quash and for a protective order is granted in part and denied in part, and defendants' motion to dismiss is denied as moot.[2]

/////

/////

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

[2] The court determined that oral argument would not materially assist in resolution of the motions and they were submitted without argument pursuant to Eastern District of California Local Rule 230(g).

1

I.     Background

This action arises out of an altercation between plaintiff and Solano County Sherriff deputies, which resulted in plaintiff's arrest and prosecution. In addition to challenging the legality of his arrest and the subsequent state court criminal proceedings, plaintiff alleges that defendants refused to produce records he requested pursuant to the Freedom of Information Act, 5 U.S.C. §§ 552 *et seq.*, and the California Public Records Act, Cal. Gov't Code §§ 6250 *et seq*. *Id*. ¶¶ 26, 27, 62-75. Defendants moved to dismiss plaintiff's complaint for failure to state a claim, arguing, among other things, that plaintiff's claims challenging his arrest and prosecution must be dismissed or stayed under the *Younger* abstention doctrine. ECF No. 10-1 at 13; *see Younger v. Harris*, 401 U.S. 37, 45 (1971) (holding that federal courts may not enjoin pending criminal proceedings except under extraordinary circumstances). Shortly thereafter, defendants filed a motion to quash a subpoena served by plaintiff and for a protective order. After defendants' two motions were fully briefed, plaintiff filed a motion to amend his complaint and a proposed first amended complaint which appear to concede much of the motion to dismiss. ECF Nos. 23, 24.

II.    Plaintiff's Motion to Amend

Plaintiff seeks to amend his complaint to remove his claims challenging his arrest and prosecution and to proceed only with claims challenging defendants' refusal to comply with his public records requests. ECF No. 23 at 2. Curiously, defendants oppose that request, arguing that plaintiff has failed to show good cause as to why leave to amend should be granted. ECF No. 27 at 6-7. They further argue that granting leave to amendment would result in undue prejudice and that amendment would be futile. *Id*. at 8-10.

Because the motion to amend was filed more than 21 days after defendants moved to dismiss, plaintiff may only amend his complaint with defendants' consent or leave of court. Fed. R. Civ. P. 15(a). Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires," and the Ninth Circuit has directed courts to apply this policy with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a)(2), a court should consider the following factors: (1) undue delay, (2) bad faith, (3) futility of amendment, and (4) prejudice to the opposing party.

2

*Foman v. Davis*, 371 U.S. 178, 182 (1962). According to the Ninth Circuit, "the crucial factor is the resulting prejudice to the opposing party," and the burden of showing that prejudice is on the party opposing amendment. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs*, 833 F.2d at 187. Granting or denying leave to amend rests in the sound discretion of the trial court and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

Here, there is no indication that plaintiff, who is appearing pro se, unduly delayed in requesting leave to file a first amended complaint or that his request was in bad faith. Rather, to his credit plaintiff, having read defendants' briefing, now appears to concede that the original complaint's claims challenging his arrest must be dismissed or stayed under the *Younger* abstention doctrine, and he therefore seeks dismissal of those claims by amending his complaint. ECF No. 23 at 4 ("Plaintiff requests leave to amend to simplify the issue and move forward with the causes that can move forward and are not open to stay."). Further, the court cannot find at this time that amendment would be futile.

Defendants do not oppose plaintiff "abandoning the claims in his initial complaint [related to his arrest and prosecution] and dismissing those individuals and entities he named previously." ECF No. 27 at 9. But they argue that allowing amendment will result in undue prejudice in an argument that is difficult to restate. In defendants' words, the amended complaint will cause undue prejudice because "it appears to Defendants that [plaintiff] is attempting to use this amended complaint as a means to avoid a stay and then intends to reassert his claims and the named defendants later on in this litigation." ECF. No 27 at 8-9. Setting aside the speculative nature of that argument, whether plaintiff would be entitled to reassert claims relating to his arrest and prosecution at some later time is not currently before the court, and the possibility (if any) that he may have a lawful right to do so once the criminal matter is resolved does not constitute undue prejudice. Nor does it constitute a basis to deny leave to amend.

Accordingly, plaintiff motion to amend the complaint is granted. As a result, plaintiff's first amended complaint supersedes the original complaint, rending defendants' motion to dismiss

3

the original complaint moot. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) (An "amended complaint supersedes the original, the latter being treated thereafter as non-existent."). *Ramirez v. Silgan Containers*, 2007 WL 1241829, at *6 (Apr. 26, 2007) (granting motion to amend and denying motion to dismiss prior compliant as moot).

III. <u>Defendants' Motion to Quash</u>

Defendants move to quash a subpoena served on them by plaintiff and they request a protective order requiring plaintiff to cease all informal discovery demands. ECF No. 15. As explained below, the motion is granted in part and denied in part.

Plaintiff served defendants with a subpoena requesting defendants produce documents and security video recordings. ECF No. 15-2 at 5-7. On the same day, he sent the Solano County Counsel[3] a letter requesting the same categories of documents. *Id*. ¶ 5. Defendants' counsel of record subsequently sent plaintiff a letter stating that the discovery requests were premature because the parties had yet to confer as required by Rule 26(f). *Id*. ¶ 6. Counsel also stated that the discovery requests were improper because they were not in compliance with Rule 34. Plaintiff did not respond specifically to counsel's letter, but he did subsequently notify counsel of his intention to file a motion to compel the production of the documents requested by the subpoena. *Id*. at 16-17. Defendants' motion to quash and for a protective order followed.

Here, plaintiff is attempting to conduct discovery prior to the parties having held a discovery conference. He is not permitted to do so. Rule 26(f) requires the parties to meet and confer regarding discovery "as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held . . . ."[4] Fed. R. Civ. P. 26(f). Further "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ." Fed. R. Civ. P. 26(d)(1).

Plaintiff served defendants with the subpoena on January 11, 2019, before defendants had appeared in this action and well before the parties had any opportunity to confer as required by

---

[3] Defendants are not represented by Solano County Counsel in this case.

[4] An initial scheduling conference is currently set for October 30, 2019. ECF No. 22.

4

Rule 26(f). Accordingly, plaintiff's subpoena was served in violation of Rule 26(d)(1) and it will be quashed.

Defendants also request that the court issue a protective order requiring plaintiff to cease all informal discovery requests. That request is denied. The court does not find that such a protective order warranted at this juncture. Plaintiff, however, is admonished that all discovery requests must comply with the Federal Rules of Civil Procedure—including Rules 30-34, 36, and 45—and that defendants are not obligated to respond to non-compliant discovery requests.

IV. Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for leave to amend the complaint (ECF No. 23) is granted. Defendants shall file a response to the plaintiff's first amended complaint within 21 days of this order.

2. Defendants' motion to dismiss the original complaint (ECF No. 10) is denied as moot.

3. Defendants' motion to quash and for a protective order (ECF No. 15) is granted in part and denied in part as described herein.

DATED: August 8, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE